## City of Mayfield v. Pitman, et al.

(Decided May 15, 1923.)

### Appeal from Graves Circuit Court.

Municipal Corporations — Evidence Held to Sustain Finding Against Annexation of Adjacent Territory.—Evidence that every voter and landowner in territory proposed to be annexed to a city opposed such annexation in proceedings by the city under Ky. Stats., section 3483, that most of the land sought to be annexed was used for market gardening and was unsuitable for building lots, and that the sale price thereof would be diminished by incorporation into the city, held to sustain the court's finding that the majority of the resident voters in the territory to be affected were. opposed to the change, and that it would cause material injuries to the owners of the real estate in that territory, so that a denial of the annexation was proper.

W. J. WEBB for appellant.

STANFIELD & STANFIELD. for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

In April, 1920, the city of Mayfield set about to annex about 87 acres of land adjacent to its limits. It passed an ordinance by yea and nay vote, declaring that it was deemed desirable by the board of council to annex the said territory, describing it by metes and bounds. The ordinance was thereafter duly advertised, beginning April 27th and continuing daily for the statutory period. Each step required by section 3483, Kentucky Statutes, was carefully taken by the board of council. It then instituted an action in the Graves circuit court pursuant to provisions of section 3483, Kentucky statutes, for the annexation of the territory described in the ordinance and in the petition. There were about thirty families living in the territory proposed to be annexed. Most of these were farmers. Every voter and landowner in the territory proposed to be annexed remonstrated against the annexation and filed an answer in the court protesting against the extension of the city limits so as to include the territory described in the ordinance. Quite a volume of evidence was taken, pro and con., upon the issues presented. The cause being submitted, the court adjudged the petition dismissed, and the city appeals.

The court made a separation of its findings of fact and law, stating them as follows:

"1. As matter of fact more than a majority of the resident voters in the territory to be affected and sought to be annexed in this proceeding to the city of Mayfield, remonstrate against same being done and against the change of the corporate boundaries of said city to embrace said territory.

"2. That the change in the said boundary of said territory will cause material injury to the owners of real estate in the limits of the proposed extension.

"3. That the proposed extension of the limits of the city to include said territory within the corporate limits of said city will not be to the interest of the city of Mayfield.

"4. And the court concludes as a matter of law from these facts that the proposed annexation of said territory to the said city of Mayfield and the extension of its boundaries so as to include the said territory within the corporate limits of the city of Mayfield should be denied; that it appearing from the findings aforesaid that same will materially injure the owners of real estate in the limits of said proposed extension and that it will not be for the interest of the city for said extension to be made and include such territory, and that a majority of the resident voters of said territory protest against the same, that the law is that such extension must, under that state of facts, be denied and refused."

For the annexation twelve witnesses testified; against it, sixteen testified. Those testifying for the city stated in substance that many of the persons residing in the proposed annexation were receiving most of the benefits of the city though bearing none of its burdens; that the city needed more territory, and that some of that which was proposed to be annexed was suitable for building lots.

The remonstrants opposed being taken into the city limits because they say they are engaged in gardening, farming, stock raising and poultry business, and that if taken into town their business will be destroyed; that their lands are not suitable for building lots, being either too rough or full of ponds; that there is no demand for building lots in addition to what are now in the city and that their property will be greatly depreciated in value by being taken into the corporation. Instances are cited

to show that some of them have been offered better prices for their property on condition it remains outside of the city limits than if it is taken in.    The remontrants therefore insist that they will suffer a direct and appreciable detriment if taken into the city.    They further say that the city will derive no appreciable benefit by their being taken into its limits; that in fact it will suffer a detriment.    The proven facts sustain the finding of the trial court.    The section of the statutes under which this proceeding is prosecuted provides that if the court shall find that a majority or more of the resident voters of the territory to be affected or the owners of said property, if there be no resident voters, remonstrate against such change, and that such change will cause material injury to the owners of said real estate in the limits of the proposed extension or reduction, it shall so find and said extension or reduction shall be denied.

The court in this case not only found that a majority of the voters and landowners of the territory proposed to be annexed had remonstrated but found that one hundred (100%) per cent. thereof had done so; and further found that the proposed change would cause material injury to the owners of real estate in the limits of the proposed extension.    The facts justify the finding.

Judgment affirmed.